ADOLPHUS T. WARBURTON, as Survivor, etc., Respondent, v. JOHN T. CAMP, Appellant.

(Argued February 7, 1889; decided March 5, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 4, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to recover for the services of a stenographer rendered upon an arbitration of certain controversies between one Heath and others. The attorneys for Heath had, by an agreement with him, a lien upon whatever should be recovered. They agreed to pay the stenographer's fees. An award was made, and said attorneys executed an assignment of their interest therein to defendant, which was delivered to one Loomis on his promise, among other things, that defendant would pay said fees. The trial court found Loomis was the agent of the defendant in the transaction, and so the latter was bound by his promise. The question here was simply as to whether there was any evidence to support this finding. The court held the evidence was sufficient.

The following is an extract from the opinion:

"We think there was evidence upon which the finding could properly be based. After the assignment was made, Mr. Crane, one of the assignors, saw the defendant and had a conversation with him in regard to the claim of the stenographers to be paid out of the moneys received from the award mentioned in the assignment; and in the course of the conversation Mr. Crane said to the defendant that Mr. Loomis and himself had agreed, when the assignment was executed, that the stenographers should be paid out of this fund, and that it was a part of the understanding that they should be so paid, and that Mr. Loomis had distinctly agreed that the stenographers should be so paid. Quite a long conversation upon the subject was detailed by the witness, and the defendant's reply to this claim as made by Mr. Crane was given, in which he stated, among other things, that he did not know of

the agreement to pay the stenographer $900 ; that he had received such assignment in ignorance thereof, but that he would do what was right in regard to it. This question was then put to Mr. Crane in speaking of the interview at that time : 'Did he (referring to the defendant) at that time deny Col. Loomis' authority to act for him?' And the witness replied, 'Oh, no, he never denied his authority.' While not holding that the mere omission to deny the authority of Mr. Loomis to make such an agreement was in any way conclusive upon defendant on the question of such authority, yet the interview itself was upon such a subject, and the conversation detailed by Mr. Crane took such a course that it would have been very natural for defendant to have denied any such authority on the part of Mr. Loomis, if none such had existed ; and it might fairly have been claimed before the trial court that the omission to deny or disclaim any such authority was very strong evidence of its existence. Taken in connection with other circumstances of the case, it would amply suffice for the finding of the existence of such authority. The defendant, indeed, denies it, but that simply raises an issue of fact upon which the trial court was to decide whether the inference of such authority ought to be drawn from all the evidence in the case, including the failure of defendant to deny its existence at the interview in question, or whether the defendant, an interested party, should be regarded as having proved lack of authority by his own testimony to that effect.

" The finding of the trial court, we think, had sufficient evidence to support it, and upon such finding the fact that the agent of the defendant made the promise to pay the stenographer's fees to the amount of $900, as defendant's agent, and as a condition of obtaining the assignment itself, renders the case a clear one in favor of the plaintiff.

" The judgment should, therefore, be affirmed, with costs."

*George W. Wingate* for appellant.

*Alfred B. Cruikshank* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed.